UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

Bill D. Ratliff
(Plaintiff)

5-17CV0296-C

Civil Case No._____

V.
MARSHA McLANE
(Executive Director)
&
GENNA MARX BRISSON
(Sr. V.P. Operations)
&
BRIAN THOMAS
(Facility Administrator)
&
Municipality Known as the City of
Littlefield (Texas)

## I. JURISDITION AND VENUE

1. This is a Civil action authorized by **42 U.S.C. § 1983** to redress the deprivation, under color of law, pf rights secured by the Constitution of the United States. The Court has jurisdiction under **28 U.S.C.§ 1331 and 1343 (a) (3.)** Plaintiff seeks declaratory relief pursuant **to 28 U.S.C. 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.**

2. The Northern District is an appropriate venue under **28 U.S.C. § 1391,** a Judicial District where Plaintiff now resides. The Texas Civil

2

Commitment Center in Littlefield, Texas (Liberal Construction of pleadings appropriate where raising Civil Rights issues.) **Smith v. Smith, 589 F.3d 736 (fourth Cir).**

3. Plaintiff Bill Ratliff is and was at all times mentioned herein in custody of the State of Texas, being under Civil Commitment pursuant to **Texas Health and Safety Code, Chapter 841**

4. Plaintiff presently resides at the Texas Civil Commitment Center in Littlefield, Texas undergoing court mandated sex offender treatment for a diagnosed condition of behavioral abnormality as defined by **Texas Health and Safety Code, Chapter 841. (See psychiatric Times "rape is a crime not a disorder")**

5. Plaintiff suffers from a Legal Disability by Proximity and Confinement. Plaintiff also suffers from a terminal illness of (HIV, diagnosed positive since 1997.) In addition to having a history of mental health treatment since 1987. MOREOVER, IS THEREFORE UNABLE TO VERIFY THE EXACT NAMES OF ALL THE defendants responsible for the violations outlined herein. Yet, he sues all tort-feasors involved in both official and individual capacities, by listing that "TCCO is Represent by Executive Director Marsha McLane, CCRS-Et Al is Represented by V.P. of Operations Manny Fernandez and CCRS OF TEXAS, LLC is Represented by Represented TCCC Facility Administrator Bryan Thomas. I am requesting special solicitude of the court in instance of discovery.

## II. FACTS OF CLAIM

6. Factors that should guide the analysis include, but are not limited to, "(1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or

3

treatment; (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (internal quotation marks omitted).

7. Recently, the now Medical Director for Correct Care Resource Solution, the company that operates TCCC, has been canceling medications of residents at the Littlefield facility without notification. Residents discover their medications have been cancelled when they submit a medication renewal form. The failure to carry out medical orders, plaintiff was placed on (Sustiva) one month after arrival to TCCC. Plaintiff informed medical staff of the resistance level to Sustiva. Weeks later medical decided to check Plaintiffs blood level for the resistance. (A secondary pill was administered to the plaintiff [Viread] Plaintiff informed the medical staff that this medication also gave the same results due to them being generic.) He was able to retain the prescription for 90 days, however he was also told his case was not unique, that many residents could expect similar treatment, and that he should contact the medical department as soon as possible. This is a clear case of Deliberate Indifference, which was the foundational legal argument in Ruiz v. Estelle, the legal case that fundamentally improved the overall treatment of prisoners in the Texas Department of Criminal Justice. There is a lawsuit from a resident at TCCC in the system right now stating the lack of vital medical care for more than ten residents.

8. Marsha McLane, TCCC and CCRS conjoined in a coordinated effort to implement a government policy to deny the proper medical care to the Plaintiffs that fell under ordinary standards of medical care based on Constitutional law of the United States and Texas. Standards of Constitutional law is well-founded court doctrine and canonical law. This was an unlawful course of action well understood, by the conspirators as one or more defendants are professionals dealing with inmates,

detainee, or the civilly committed. "The conspirator's wrongful acts caused injury to the plaintiff's physical and mental person".

9. The Plaintiff asserts the right to medical care. The Constitution guarantees prisoners the right, even though it does not guarantee medical care to people outside of prison. The Supreme Court explained that this is because "[a]n inmate must rely on prison authorities to treat his medical needs. If the authorities fail to do so, those needs will not be met. *"Estelle v. Gamble, 429 U.S. 97,103 (1976).* Unfortunately, the state law does not guarantee you the same level of medical care you might choose if you were not in prison.

10. The court described a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *"Hill v. Dekulb Reg'l Youth Det. Cir. 40 F.3d 1176, 1187 (11th Cir. 1994)* "Failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Estelle, 429 U. S. at 104; Jett v. Penner, 439 F. 3. 1091, 1096 (9th Cir. 2006). In other words, if a doctor says you need treatment, or your need is obvious than it is probably a "serious medical need."*

11. Condition may not be a serious medical need in one situation but in another. Chronic conditions like diabetes, HIV, AIDS, hepatitis, epilepsy and hypertension are serious medical needs, for which you deserve medical and care.

*I.e. Brock v. Wright, 315 F.3d 158(Cir. 2003) Also plaintiff asserts Estate of Cole by Pardue v. Fromm. 94 F .3d 254 (7th Cir. 1996); Greguire v. Class, 236 F .3d 413 (8th Cir. 2000).*

5

12.     Upon arrival at, TCCC on 4/26/2017 medical staff and security was aware of the plaintiff's medical condition. Medical failed to respond appropriately. Medical care appointments were made and never met, due to TCCC medical staff stating, "We have all the medical attention you need". Medical prescriptions for HIV is a serious medical need.

Scott v. Ambani, 577 F.3d 642 (6th Cir. 2009); Spruil v. Gillis, 372 F.3d 218 (3d Cir. 2004), Meloy v. Bachmeir, 302 F.3d 845, 849 (8th Cir. 2002).

**Date: 5/1/2017 Day of the Week: Monday, Time: 1:30 pm**

**South Plains Community Action Assc. (Project Champs)**

**3307 Avenue X Lubbock, TX. 79411**

This Medical Care Appointment was never met, due to TCCC and or TCCO not willing to use outside agencies due to it being a medical expense they're not willing to pay.

Brown v. District of Columba, 514 F.3d 1279 (D.C. Cir. 2008).

13.     TCCC non-medical officials interfered with the treatment that the previous doctor had ordered. Estelle, 429 U.S. at 104-05; Lopez v. Smith. 203 F.3d 1122 (9th Cir. 2000).

The medical staff at TCCC ignored the plaintiff's medical needs, intentionally treated him incorrectly. Johnson v. Treen, 199 F.2d 123, 1238 (5th Cir. 1985).

14.     Plaintiff was placed in a 14-man dorm, which placed him at the risk of developing certain diseases. (Confinement in filthy dorm or living quarters where exposed to mentally ill patients not physical injury).

Estelle v. Gamble, 429 U.S. 97, 103 (1978).

Estelle v. Gamble, 429 U.S. at 104. (1976)

Farmer v. Breman, 511 U. S.825 (1994).

Denn v. Coughlin, 623 F. Supp. 392, 404(S.D.N.Y. 1983).

15.   TCCC was well aware of plaintiff's medical condition years before plaintiff was actually committed. Plaintiff's first assessment was held by Dr. Tunner on 9-8-2015. On 10-26-2016 plaintiff was committed (Civil) and arrived at TCCC on 4-26-2017.

Farmer v. Brennan, 511 U. S. 825, 842(1995).

16.   TCCC medical staff fails to respond appropriately or does not respond at all to the serious medical needs, Scott v. Ambani, 577 F. 3d. 642 (6th Cir 2009); Spruil v. Gillis, 372 F.3d 218 (3d Cir. 2004) Meloy v. Bachmeier. 302 F.3d 845, 849 (8th Cir.2002)

17.   Failure to carry out medical orders. Estelle v. Gamble, 429 U. S. at 105 ("intentionally interfering with treatment once prescribed medication); Phillips v. Jasper County Jail 437 F. 3d 791, 796 (8th Cir. 2006) ("the knowing failure to administer prescribed medicine constitute deliberate indifference."); Lawson v. Dallas County, 286 F .3d 257 (5th Cir. 2002) ie. Dr. Turnner's Behavioral Abnormality Assessment 9/ 8 /2015, Gave a palatial medical history, (Below.)

　　　Medical and psychiatric history:
Mr. Ratliff has been diagnosed as <u>HIV positive since 1997</u>. He reported no other history of serious medical conditions aside from ulcers. He had a hernia repair in 1997 but denied any other history of major surgery. He reported he has been knocked unconscious twice due to physical assault while incarcerated. <u>Note: Plaintiff had been committed to Easter State Hospital (Vinita State Mental Facility August 1983 to March 1984.)</u> The Plaintiffs medical history was only partially recorded by the

time plaintiff arrived to TCCC medicines that were needed for various reasons: <u>Name of Medicine /Reason for medicine</u>

| Name of Medicine | Reason for medicine |
|---|---|
| Abacavir | HIV |
| Diltiazem ER | |
| Dolutegravier | HIV |
| Lamivudine | HIV |
| Levetiracetan | Seizures |
| Thera-Dorm | Dry skin |
| Triamcirdone acetoride | Dry skin/athletes feet |
| Zyrtec | Seizures |
| Prozac | Depression |
| Sulfasalazine | Chronic Ulcerates/paloctitis |

High Blood, Pressure, Emphysema and Tuberculosis(TB).

18.   Knowledge can be demonstrated by circumstantial evidence, and "a factfinder may conclude that TCCO, and TCCC officials knew of a substantial risk from the very fact that the risk was obvious." Farmer. 511 U.S. at 842 See Walton v. Dawson, 752 F 3d. 1109 (8thCir. 2014)

19.   TCCO, CCRS, and TCCC denied access to health care staff qualified to address the plaintiff's health problems. Failure to carry out medical Orders.                                                                                                                 Estelle v. Gamble 429 U.S. at 105 ("intentionally interfering
With treatment once prescribed "Arnet v. Webster, 658 F. 3d 742, 752 (7th Cir. 2011) (failure to provide prescribed medication)

20.   Failure to provide adequate numbers of qualified mental health staff.
Waldrop v. Evans, 871 F. 2d 1030 (11th Cir. 1989) ("a psychiatrist is needed to supervise long term maintenance" on psychotropic medication); Ramos v. Lamm, 639 F .2d 559, 577-78 (10th Cir. 1980); United States v. Terrell County, Ga, 457 F. Supp. 2d 1359, 1363 (M.D.

Ga. 2006) ("improper delays in mental health treatment due to lack of staff").

Lack of training of custody staff in mental health issues. Olsen v. Lavton Hills Mall, 312 F. 3d 1304, 1319-20 (10th Cir. 2002)

21. ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health of safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the State Law, see; Craig v. Eberly, 164 F. 3d 490, 495 (10th Cir. 1998)

   Note: Plaintiff, at this time continues to receive inadequate treatment and inadequate medical treatment at the Civil Commitment Center by receiving "counselling sessions" not "therapy sessions" by underqualified Licensed Professional Counselors (LPC or ATSOTPS) as requisite for a true Civil Commitment. Furthermore, the medical staff is just as inadequate if not more so due to lack of experience with the terminally ill.

### III. INJURIES

22.   Plaintiff has suffered extreme duress, mental anguish, unlawful reconviction, loss of consortium shaming and deformation of character as result of Cruel and Unusual Punishment., stemming from the conduct of Defendants and staff at TCCC /TCCO AND CCRS.

   On 5/5/2017, the property officer Mrs. Leaks treated Plaintiff as a leper. Within the 4 weeks, it took Plaintiff to receive his property. Mrs. Leaks ordered an officer to be present each time Plaintiff had to question why he was not receiving his package like everyone else. This officer was unprofessional, rude and even stated on two different occasions that

"You do not come and question me and do not come down here until I call for you!" Signaled out because of his medical condition. This is but one incident out of several in which prejudice and abrasive attitudes have caused Plaintiff to stress and even need to seek medical attention (blood pressure checks on different occasions). Throughout the next two to three months 8/27/2017 these encounters were more than stressful for the Plaintiff.

Note: Both officers S.O. Mr. Tijorina & S.O. Casiellano are not only witnesses to Property Officer Leaks, but both will testify that the Leaks behavior was inappropriate.

23. Each client has been harmed by the treatment program's structural problems, resulting in delays in progression. By failing to provide the necessary process, Defendants have failed to maintain the program in such a way as to ensure that all clients are not unconstitutionally deprived of their right to liberty. This right also applies to treatment in the Medical Department as well. Since all clients are in the full custody of the State, specifically Texas Civil Commitment Office, Texas Civil Commitment Center **AKA: Bill Clayton Detention Center**, as well as Correct Care Recovery Solutions.

## IV. CONCLUSION

Elements of an adequate health care system.

The State Law and constitution requires the prison officials provide a system of ready access to adequate medical care. Prison officials show deliberate indifference to serious medical needs if prisoner are unable to make their medical problems known to the medical staff. Access to the medical staff has no meaning if the medical staff is not competent to deal with the prisoners' problems. The medical staff must be competent to

examine prisoners and diagnose illnesses. It must be able to treat medical problems or to refer prisoners to others who can. Such referrals may be to other physicians within the prison, or to physicians of facilities outside the prison if there is reasonably speedy access to these other physicians or facilities. In keeping with those requirements, the prison must provide an adequate system for responding to emergencies. If outside facilities are too remote or too inaccessible to handle emergencies promptly and adequately, then the prison must provide adequate facilities and staff to handle emergencies within the prison. Those requirements apply to physical, dental and mental health.

<u>Note of Medical History</u>:  Since residence arrived at TCCC (open to Civil Commitment September 1 2015) there has been 5 deaths dealing with sever medical issues. **<u>Davila who was receiving dialysis before being confined to TCCC, he was unable to be treated in time because of TCCO's delay and inadequate medical staff. (Deceased 2016) Resident Shoemaker delayed cancer treatment (deceased 2016) Resident Russel (deceased 2017) Resident Amaguer (deceased 2017), Resident Scott another delay in chemotherapy (deceased Oct. 2017)</u>**

The rights of our justice system developed to safeguard men from dubious and unjust judgment, with resulting forfeitures of life, liberty and property. Davis v. United States, supra, at 488. 40 L. Ed at 506, states that the requirement is implicit in constitutions pertaining to Civil Law remain firmly established which recognognizes the fundamental principles that are deemed essential for the protection of life and liberty. Due process requires strict adherence to compulsory process, as no State shall make nor enforce laws that are repugnant nor in contravention of the federal constitution. Defendant's actions were designed to oppress, punish, and to retaliate all conduct was without legal or medical authority and abused the plaintiff. Full well knowing the without the proper medical treatment, client's health could possibly deteriorate to a

11

life threating condition. Both terminal illnesses have to be treated with sensitive care.

## V. Damages

24. Despite Plaintiff's ongoing health issues, duress, high blood pressure readings, severe headaches, inadequate diet. The thought of not only being able to have the same or if not better treatment than TDCJ is in itself a serious issue. Because HIV does not allow a person to stress and worry without causing some type of illness that could be life-threatening. The fear of dyeing while confined here at TCCC may not be an issue for a healthy person but as we know high blood pressure in itself is a killer for most people even if treated properly. Due to the noted lack of knowledge or possible inexperienced dietician, the Plaintiff has lost weight approximately 24 to 28 lbs. There is no excuse for TCCC not have the proper medical staff but there is an outside agency that does specializes in treatment for person with HIV yet TCCC and TCCO does not consider the heath of the plaintiff, only how much it may cost and if it can be fit into the budget. If plaintiff's mental anguish and physical wellbeing is not a priority, then the solution could be as simple as putting a Band-Aid on a scratch. However, plaintiff's medical issues are life threating.

25. Social Security Administration Supplemental Security Income: On August 24, 2017, the informal decision was made that the Plaintiff was not eligible for SSI.

26. Plaintiff suffers egregiously under undue influence of the State as a great miscarriage of justice continues along destroying his life, resulting from **"GROSSLY EXCESSIVE"** civil penalties that are, in fact **"shocking to the conscience,"**

27. Plaintiff avers that Cruel and Unusual Punishment has resulted from the State's denial of Due Process, in violation of the United States Constitutional Laws. Because of such violation, Plaintiff has been and continues to be unlawfully confined without justification. With his current illnesses, the defendants chose to make a profit instead of supplying the proper treatment or placement of the terminally ill.

**Social Security: At this time as been denied, the reasons for not being eligible: *RESIDENT OF A PUBLIC INSTITUTION**

PRAYER

Plaintiff assert, prays that this petition is reviewed in the best possible light. Based on the matters asserted, and not the form it was written in. "plaintiff asserts, prays that all relief asked for and entitled, to be here grated." To receive damages (monetary) compensation for the irreparable harm done to Plaintiff's life based on cruel and unusual punishment via confinement and deliberate indifference Consortium. Perpetual Intentional Infliction of Emotional Distress, Compensatory damages, Mental Anguish. To compensate Petitioned individuality for the egregious ongoing constitutional and Rights violations outlined in the petitioners' order.

WHEREFORE, Plaintiff Bill Ratliff respectfully requests monetary compensation (both punitive and compensatory and otherwise) based on judgment against the defendants for the sum of $2,500,000 two. Five million dollars.

DECLARATION

I Bill Ratliff, have read the foregoing complaint and hereby verify the matters alleged herein are true to the best of my knowledge and belief. I declare under the penalty of perjury that the foregoing is true and correct. Executed on this the _17_ day of _December_, 2017 in Littlefield, Texas.

*Billy Ratliff*

PRO SE


Bill D. Ratliff

#04687757

2600 S. Sunset Ave.

Littlefield Texas 79339

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

_____

_____


_____

_____

PETITIONER
BILL D. RATLIFF
PRO SE
TEXAS CIVIL COMMITMENT CENTER
2600 SOUTH SUNSET AVE.
LITTLEFIELD, TEXAS 79339

UNITED STATES DISTRICT COURT
FOR THE NORTTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

RECEIVED
DEC 19 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

1

Bill Ratliff 04687757
Texas C.V. Commitment Clerk
2600 South Sunset Ave.
Littlefield, Tx. 79339





RECEIVED
DEC 19 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1205 TEXAS AVE. ROOM 209
LUBBOCK, Tx.
79401

DEC 18 2017